## CLARK HOLLENBACK

*v.*

## DAVIDSON TODD *et al.*

*Filed at Ottawa November 13, 1886.*

1. EVIDENCE—*cross-examination—latitude allowed—as to a party to a transaction alleged to be fraudulent.* Where a party to a transaction alleged to be fraudulent as to creditors, testifies in respect thereto, in a suit involving the question of ownership of property, arising out of the transaction, the rule should be liberal in allowing a full examination of such party.

2. SAME—*burden of proof—claim of property attached.* A party who intervenes in an action brought by attachment, and claims the property attached, must show that he is the owner of the same. The burden of proof rests upon such claimant throughout the trial, and not upon the plaintiff in the attachment.

3. SAME—*statements and declarations of a third person.* On a trial of the right of property in an attachment suit, in which the claimant's title was assailed as being fraudulent as to creditors of his vendor, where there was much evidence tending to show that a third person was interested with him in the purchase, it was held improper to exclude from the jury, by an instruction, all the conversations and admissions of such third person, relating to the transaction, although not made in the presence and hearing of the claimant.

4. SAME—*privileged communication—to an attorney.* An attorney who was employed by a failing debtor to draw up an assignment of certain contracts of the debtor, (which assignment was attacked by creditors as fraudulent,) was asked if the assignor said anything at the time with reference to the intent or purpose of making the assignment, and if so, what: *Held,* that the question was properly disallowed, as calling for a privileged communication made to an attorney.

5. RIGHT OF PROPERTY—*interpleading claimant in attachment.* If a party claiming, by interpleader, the property attached, shows a purchase from the defendant in the attachment, it seems to be immaterial whether the purchase was made by the claimant for himself or for his father, as, in either event, the plaintiff in the attachment could not subject the property to his debt unless it belonged to his debtor.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kendall county; the Hon. C. W. UPTON, Judge, presiding.

Messrs. FOWLER BROS., and Mr. A. E. SEARLES, for the appellant:

There was error in sustaining the objection to the questions propounded to the witness who drew the assignment. The record does not show that the witness was acting as the attorney of any body, and certainly not of Budd. Witness did not testify he was acting as an attorney, neither did he claim the privilege. The burden of proof was on the other side to show the relation of client and attorney. *Goeta* v. *Walcott*, 14 Ill. 90; *Barum* v. *Fouts*, 15 Ind. 50; *Coon* v. *Swan*, 30 Vt. 6; 48 Ill. 281.

The privilege is that of the client. *Scott* v. *Harris*, 113 Ill. 447. See, also, 1 Greenleaf on Evidence, sec. 239; *Hatton* v. *Robinson*, 14 Pick. 416; *De Wolf* v. *Strader*, 26 Ill. 230; *Smith* v. *Smith*, 106 id. 488.

Great liberality is allowed in examinations as to fraud. *Bell* v. *Devare*, 96 Ill. 218.

The burden of proof was on the claimant to show he was the owner of the corn. *Marshall* v. *Cunningham*, 13 Ill. 20.

Mr. A. J. HOPKINS, Mr. N. J. ALDRICH, and Mr. F. H. THATCHER, for the appellees:

The issue in this case was simply the right of property. Rev. Stat. chap. 11, sec. 29.

The communications of Terrell to the attorney were privileged; and besides, they being not made in the presence of Budd, could not affect him. *Herkelrath* v. *Stokey*, 36 Ill. 47; *Hesing* v. *McCloskey*, 37 id. 351; *Hatch* v. *Jordan*, 74 id. 414; *Ewing* v. *Runkle*, 20 id. 448.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 14th day of October, 1881, Clark Hollenback commenced a suit in attachment, against Davidson Todd and Thomas J. Terrell, in the circuit court of Kendall county, and the writ of attachment was levied on between eight and nine

thousand bushels of corn, as the property of Todd & Terrell, in the elevator at Millbrook, in said county. Subsequently, Jacob S. Budd filed a plea of interpleader, claiming to be the owner of the property so attached. Upon this plea issue was joined, and a trial had before a jury, resulting in a verdict in favor of the claimant, Budd. Judgment was rendered upon the verdict, after overruling a motion for a new trial, and the judgment was affirmed by the Appellate Court for the Second District. The plaintiff in the attachment suit, Hollenback, appealed to this court.

The facts shown by the evidence are, that the warehouse, and elevator in which the grain was, belonged to Jacob Budd, the father of appellee, and he had rented the same to Todd & Terrell, in which the latter for some time carried on business, buying and storing grain. Appellant, among others, had stored a quantity of grain with Todd & Terrell, and it had been shipped out by them. Todd & Terrell failed prior to the 1st day of September, 1881, and Jacob Budd procured his son, Jacob S. Budd, (the appellee) to take possession of the warehouse, and to purchase the contracts for grain to be delivered that Todd & Terrell had with different farmers, and which, by a written assignment, were assigned by Todd & Terrell to the appellee, on the 10th of September, 1881, he having taken possession of the warehouse on the first day of said month. Terrell, as did Todd, to some extent, continued in the warehouse, for appellee, on wages, for a while, as testified to by the latter and Terrell. The corn which was levied on, was corn that appellee had taken partly under the contracts so assigned, and partly that which he had purchased independently, of farmers, and which he had in store. Appellee was a young unmarried man, about twenty-two years of age, and resided with his father, and had been engaged in farming. He had no considerable means of his own. His father loaned him $500 to begin business with, and the rest

of the money to purchase the grain with, prior to the attachment, he obtained from his commission merchants in Chicago. None of the corn called for by the contracts had been paid for by Todd & Terrell.

It is insisted the trial court erred in excluding evidence, and in giving and refusing instructions. There may, strictly, have been some error in the rejection of evidence. The claimant was a witness in his own behalf, and had testified, in chief, that all the property he owned when he went into the warehouse, was a team of horses, two sets of harness and a buggy,—that he had no money. On cross-examination, the question was asked, "Have you now got the personal property you said you had—the horses, wagon, and other things?" and the court excluded the question. Another question excluded was, "To what extent did Todd & Terrell get pay for their labor while they worked for you in the warehouse?" We think these questions should have been admitted. The charge was, that the transaction between appellee and Todd & Terrell was one in fraud of creditors, and the rule should be liberal in allowing a full examination of parties to such an alleged fraud, where they appear as witnesses. But we can not say there was such material error in excluding this evidence as should cause a reversal of the judgment.

George M. Hollenback, an attorney at law, testified that he drew the assignment in question of the contracts between Todd & Terrell and the farmers; that no one was present but Terrell and himself; that his opinion was asked and given. He was inquired of by appellant as to what was said, if anything, at the time, with reference to the purpose and intent of making the assignment, and objection to the question was sustained and exception taken. We think the evidence was properly excluded, as calling for a privileged communication made to an attorney.

Objection is taken to the giving of this instruction for the claimant:

"2. The court instructs the jury that possession of personal property is *prima facie* evidence of ownership, and if the jury believe, from the evidence, that Jacob S. Budd bought and paid for the corn in question as the same was brought to the warehouse in Millbrook, and had been in possession of the same from the time he so bought said corn, prior and up to the time it was levied upon by the sheriff under said writ of attachment, then it is incumbent upon the defendants to show, by a preponderance of testimony, that the title was not in the said Jacob S. Budd, and unless he has done so you should find for said Budd as to the ownership of said corn."

We do not regard this instruction as strictly accurate. It was a matter of contest which one was in possession,—Budd or Todd & Terrell. The burden was upon the claimant, under the issue in the case, to show that he was the owner of the property, and not upon the plaintiff in the attachment to show that the claimant was not the owner of the property,— and that burden of proof remained upon the claimant throughout. But where there is, upon the facts, such a clear case for the appellee as we find here, we can not regard the error of such an instruction as a fatal one.

The court ruled out, by instruction, all conversations and admissions on the part of Jacob Budd, the father, unless they were authorized or assented to by Jacob S. Budd. There is so much evidence tending to show that Jacob Budd was interested in the property, that we incline to think this ruling should not have been made. But with all these conversations and admissions before the jury, we do not think they could or should have in any way affected the verdict.

This instruction was asked by appellant, and refused:

"9. If the jury find, from the evidence and all the circumstances in evidence in this case, that the real transaction was for the benefit of Jacob Budd, and that he really and in fact was the one interested in such purchase, and was really the owner of the effects and property in question, although the

proofs may show that the sale was made to Jacob S. Budd, nominally from Todd & Terrell, then, under the issue in this case, the jury should find a verdict that the property in question is not the property of Jacob S. Budd."

If the property was not that of Todd & Terrell, then it was not subject to the attachment, and it would be a matter of indifference to the appellant which one of the two, Jacob Budd or Jacob S. Budd, owned the property. There might be a property in each one sufficient to enable him to assert a claim against a trespasser—a general property in one, and a special property in the other. There was so much of, at least, a special property in appellee, in his having the entire actual control and possession of the property, as between him and his father, and having borrowed money in his own name to purchase it, that, as against a party like the appellant, we think the instruction was properly enough refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*