# THE YOST MANUFACTURING COMPANY

## *v.*

## MAX R. ALTON.

*Opinion filed November 8, 1897.*

1. ATTACHMENT—*affidavit, bond and writ not evidence of defendant's indebtedness.* The affidavit for attachment, the bond and the writ are not evidence of the defendant's indebtedness to the plaintiff.

2. SAME—*when party interpleading in attachment is entitled to a verdict.* One claiming attached property by interpleader is entitled to a verdict, as against the attachment plaintiff, where his uncontradicted evidence tends to prove his claims of ownership in the attached property, and the plaintiff fails to establish the fact that he is a creditor of the attachment defendant.

3. APPEALS AND ERRORS—*affidavit in support of motion must be incorporated in bill of exceptions.* An affidavit in support of a motion for new trial does not become part of the record, so as to be considered on appeal, unless incorporated in the bill of exceptions.

*Yost Manf. Co.* v. *Alton,* 67 Ill. App. 537, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

WILBER, TURNER & HILL, and DAVID J. WILE, for appellant.

ISRAEL SHRIMSKI, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Appellant brought an action in attachment against the Climax Cycle Company in the circuit court of Cook county, and by virtue of a writ issued in that action it levied upon certain goods and chattels, consisting principally of a stock of bicycles, which were in the possession of appellee and claimed by him to be his own property. Appellee filed an interplea under the provisions of section 29 of the Attachment act, claiming the property. This interplea was traversed by appellant, and a trial on this issue was had in the circuit court of Cook county. Appellee produced certain evidence tending to show the property levied upon was his own property, and not that of the Climax Cycle Company. Appellant introduced no evidence tending to show that the Climax Cycle Company owed it anything, except the affidavit, bond, writ of attachment and other papers connected with the attachment proceeding. At the close of the evidence the trial court instructed the jury to find for appellee. Upon this instruction the jury returned a verdict for appellee, upon which judgment was rendered, and on appeal to the Appellate Court this judgment was affirmed.

A motion for a new trial was filed in the circuit court, and an affidavit presented showing newly discovered evidence as one of the grounds why such motion should be allowed. This affidavit was not made a part of the first record certified to by the clerk of the circuit court of Cook county, but was afterwards sent up upon a suggestion of a diminution of record. It, however, was not certified to by the trial court as a part of the bill of exceptions. The only question presented for the consideration of this court is, whether or not it was error for the trial court to instruct the jury to find for appellee upon his interplea.

There was evidence produced upon the trial which, uncontradicted, showed appellee to be the owner of the property in question. Appellant introduced no evidence that it was a creditor of the Climax Cycle Company, except the affidavit, bond and other papers in the attachment suit, as before stated. These were not evidence of any indebtedness due the appellant. Without evidence of such an indebtedness the appellant could not raise any question of fraud, it not being shown to be a creditor. (*Springer* v. *Bigford*, 160 Ill. 495.) Without evidence, therefore, that appellant was a creditor, and it not being in a position to raise any question of fraud, it was not error in the trial court to instruct the jury, at the close of all the evidence, to find for appellee.

The only manner in which the affidavit showing newly discovered evidence, on the motion for a new trial, could become part of the record was by incorporating it in a bill of exceptions signed by the trial judge. This was not done, and it therefore became no part of the record and cannot be considered by this court. *Garrity* v. *Lozano*, 83 Ill. 597.

The judgment of the Appellate Court affirming the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*