## Campbell & Zell Co. v. Mahala Ross.

1. EVIDENCE—*Conclusion of Witnesses.*—When the testimony of a witness is a mere statement of his conclusion, it is not sufficient to support a judgment in favor of the party holding the affirmative of the issue on trial.

2. HUSBAND AND WIFE—*Gifts to Wife.*—A transfer of stock in an

incorporated company by a husband to his wife, in consideration of marriage, in accordance with a promise made her before her marriage, in good faith, where the husband is solvent, can not be avoided by subsequent creditors.

3. STOCK—*Transfers by Delivery of Certificate.*—A delivery of a certificate of stock of a corporation by a husband, in good faith, to his wife, as a gift in consideration of marriage, in accordance with a promise made her before her marriage, is sufficient to protect her from attachments against the husband's subsequent creditors, even though there has been no transfer in writing upon the books of the corporation.

4. FRAUD—*Without Evidence of Debt.*—Without evidence of indebtedness due, showing him to be a creditor, one can not raise questions of fraud.

**Attachment.**—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 19, 1899.

JOHN REID McFEE, attorney for appellant.

JAMES S. CUMMINS, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an attachment suit brought by appellant, a non-resident corporation doing business in Baltimore, against one William A. Ross, a resident of Boston, Massachusetts.

The property attached, consisting of one hundred shares of stock in the Congress Hotel Company of Chicago, is claimed by appellee, who files her interplea in said suit, setting up that at the time of the service of the attachment writ the stock in question was and still is her property; that appellants were aware of that fact, and that the certificates representing said stock had been assigned to her for a valuable consideration, and were in her possession and control, of which appellant had notice.

The case was submitted to the court, a jury being waived. The issues were found in favor of appellee and judgment rendered accordingly. From that judgment this appeal is prosecuted.

The copy of the account sued on, attached to appellant's declaration, shows the alleged indebtedness, to recover which the suit is brought, to be for cash and merchandise. The

only evidence of the existence of a debt from Ross to appellant is the deposition of the president of the appellant company. He states that said appellant "has attached some stock in Chicago for a debt due the company by William A. Ross. The amount of the indebtedness is about $2,300. I haven't the exact figures up to the present time. There are some matters open yet that will increase this amount still." On the other hand Ross in his deposition states that the appellant company owes him about twenty-five thousand dollars. The evidence is not sufficient to have justified the court in finding in favor of appellant upon the foundation question of the existence of a just claim against Ross, the alleged attachment debtor. The testimony, in the language of appellant's counsel in his brief, shows "that bitter differences existed between the appellant" and Ross. But it only presents, upon one side, a general statement that an indebtedness exists in favor of appellant, and on the other side a claim that such indebtedness exists against appellant and in favor of Ross, against whom the attachment suit is brought. There is not sufficient evidence to support the claim that appellant has a right in law to demand and recover of Ross any sum whatever. The statement of appellant's witness is a statement of his conclusion, and not of the facts upon which the conclusion is based. McGeoch v. Hooker, 11 Ill. App. 649–652. There is evidence to the effect that Ross procured the stock in question by or through appellant, but it is conceded that the stock absolutely belonged to Ross, and he testifies that he had paid appellant in full therefor, and "largely in excess."

Appellant's counsel concedes that proof of the relation of debtor and creditor is necessary, where the interpleading claimant proves a transfer valid as between the parties, which it is sought to set aside for actual fraud. But he insists that the transfer to appellee, by her husband, of the stock in controversy was not only actually fraudulent, but that it was void between the parties themselves. It is said in Yost Mfg. Co. v. Alton, 168 Ill. 564, that "without evidence of indebtedness due appellant, the appellant can not

raise any question of fraud, it not being shown to be a creditor."

It is urged that appellee has no title superior to the attachment, and no title as between herself and her husband, Ross, the defendant in the suit. The evidence sufficiently sustains her title against him. The substantial point of this contention, however, seems to be that the stock in question was not sold to appellee for a valuable consideration, and is therefore liable to be taken on execution, in accordance with Sec. 52, Chap. 77, Rev. Stat. Appellant, however, has no judgment or execution and could not have under the testimony as it now stands.

As to the consideration for the transfer, there is evidence tending to show that the stock was given to appellee by her husband as a gift, in consideration of marriage, in accordance with a promise made appellee before her marriage. She testifies that he told her she should give him a dollar to make it binding, and that she jokingly did so.

There is no evidence tending to show that Ross was not entirely solvent at this time, nor, as has been said, is there satisfactory proof sufficient to sustain a claim that he was then indebted to appellant. On the contrary the existence of such indebtedness is explicitly denied. Under these circumstances, we know of no reason why he could not make a gift to his wife of the stock in question, valid as against appellant's attachment. There is uncontradicted evidence that the certificates of stock were actually delivered to appellees, and were in her possession a considerable period before this attachment suit was begun, and have remained in her possession ever since. Crawford v. Logan, 97 Ill. 396–399, and cases there cited.

It is urged that the stock had not been actually transferred upon the books of the company prior to the attachment. This appears to be true, but it also appears that the company had been three times notified in writing of the transfer of the stock to appellee prior to the commencement of this suit. Her counsel testifies that with the certificates in his possession he went to the company before this suit was

begun, and gave them notice that he represented Mrs. Ross, and desired the stock transferred on the books of the company, subject to another attachment suit then pending. It is conceded also that appellant had notice of appellee's claim as owner, before bringing the present suit. Under these conditions appellee's title must be considered good as against appellant. All that could be accomplished by an actual transfer in the way of notice to all parties concerned, the hotel company and appellant, was attained. It does not appear that appellee was at fault if the company delayed or neglected to make the actual entries completing the transfer. The intention of the statute as it now stands was to give more commercial freedom to transfers of stock, and make them as nearly negotiable as possible; and the delivery of the certificates constitutes under the facts of this case a valid transfer as against appellant. Rice v. Gilbert, 173 Ill. 348–353.

The judgment of the Superior Court must be affirmed.