THE CAMPBELL & ZELL COMPANY

*v.*

MAHALA ROSS.

*Opinion filed October 19, 1900—Rehearing denied December 6, 1900.*

ATTACHMENT—*what must be shown to entitle plaintiff to question good faith of transfer set up by interplea.* The good faith of a transfer of stock alleged by interplea in attachment to have been for a valuable consideration and with notice to the attachment plaintiff, cannot be attacked by the latter until he has established the relation of debtor and creditor between himself and the attachment defendant.

*Campbell & Zell Co.* v. *Ross,* 86 Ill. App. 356, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE H. TRUDE, Judge, presiding.

JOHN REID MCFEE, for appellant.

JAMES S. CUMMINS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Branch Appellate Court affirmed a judgment of the superior court of Cook county, by which it was adjudged, upon the appellee's interplea in an attachment brought by the appellant against one William A. Ross, that the shares of stock attached were the property of appellee and not of the defendant in the attachment. All questions of fact have by the judgment of the Appellate Court been conclusively settled adversely to the appellant, and we cannot reverse the judgment unless a question of law is presented by the record for our consideration which was decided erroneously below.

The issue made upon appellee's interplea was tried by the court without a jury. The appellant presented to the trial court ten propositions to be held as law in the decision of the case, but the court refused each and all of them. No propositions were held or presented on behalf of appellee. The interplea alleged that the stock was the property of appellee by assignment and delivery to her for a valuable consideration, and that the plaintiff had notice thereof before the attachment. The plaintiff, in its replication, denied that the stock was the property of appellee and denied that the alleged assignment was made in good faith. There was evidence tending to prove the allegations of the interplea, and evidence on the part of the plaintiff in the attachment tending to prove the allegations of its replication. In other words, there was a conflict as to the *bona fides* of the transfer. The propositions which the plaintiff requested the trial court to hold as law in the decision of the case were mainly directed to the question of good faith of the transaction. But we have held that before a plaintiff in the attachment, upon an issue of this character, can question the

good faith of the transfer under which the claimant claims title, he must prove that the relation of debtor and creditor existed between the defendant and himself, —in other words, must prove that the defendant was indebted to him,—(*Yost Manf. Co.* v. *Alton*, 168 Ill. 564; *Springer* v. *Bigford*, 160 id. 495;) otherwise he would not be injured by a fraudulent transfer and could not therefore be heard to question that it was made in good faith. Now, in the propositions asked by appellant this question was wholly ignored, and it was assumed that the plaintiff had the legal right to question the good faith of the assignment of the stock to appellee, whether it had shown itself to be a creditor of the defendant or not, or else it was assumed that that relation had been proved,—and appellant contends here that there *was* sufficient proof upon that question. Whether there was or not was a question of fact for the Appellate Court, and no question of law as to the legal sufficiency of the proof in that regard has been presented by the record or is presented here in any way except by the argument of counsel. It might have been presented by propositions of law, but was not. Some of the propositions were erroneous in other respects, but as the omission mentioned was common to all, a sufficient reason appears for their refusal by the trial court.

Whether, upon the evidence reviewed by counsel, judgment should have been for the plaintiff in the attachment instead of for the claimant was a question finally settled in the Appellate Court. We have no power to review it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*