Frank G. Clark, Appellant, v. Pond Creek Mill & Elevator Company, Defendant.

First State Bank of Pond Creek, Oklahoma, Interpleader, Appellee.

Gen. No. 17,442.

ATTACHMENT—*affidavit and other papers are not evidence that plaintiff is a creditor.* Where an intervening claimant claims a fund admitted to be due by a garnishee in a nonresident attachment suit, the plaintiff cannot question the claim without proving that he is a creditor, and the affidavit and other papers in the attachment suit are not evidence of such fact.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 29, 1912.

FRANK F. REED and CHARLES A. WILLIAMS, for appellant.

SILBER, ISAACS, SILBER & WOLEY, for appellee; FREDERICK D. SILBER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Appellant brought an action in attachment in the Municipal Court of Chicago against the Pond Creek

Mill & Elevator Co. of Oklahoma, alleging the non-residence of the defendant as the basis for the attachment. In the attachment writ the Durand & Kasper Co., a corporation of Chicago, was named as garnishee and was duly served. A declaration with common counts, copy of the account sued on, and interrogatories to the garnishee were filed. The garnishee answered, setting out various purchases of flour by it from the defendant, on which there was due and unpaid, $6,708.82. Subsequently the First State Bank of Pond Creek, Oklahoma, appellee herein, interpleaded, claiming that the amount due from the garnishee had been transferred from the defendant to appellee by giving and crediting drafts drawn by the defendant on the Durand & Kasper Co. to the order of the cashier of the First State Bank, appellee, dated on the same days of shipments of flour to the Durand & Kasper Co., and that thereby the bank became the owner of each draft and the fund to be realized therefrom, and that the entire fund in the hands of the garnishee belonged to the interpleader, the appellee. Appellant filed his answer to the interplea, denying that the appellee was the owner of or entitled to any part of the funds in the hands of the garnishee. The case was tried by the court without a jury and, after hearing and argument, the court found the issues as to the claim of the intervenor to the fund in the hands of the garnishee in favor of the intervening claimant, the First State Bank, appellee, and judgment was entered on the finding. Appellant has appealed from this judgment and asks this court to reverse the same.

We shall refrain from discussing the points ably presented by appellant's counsel touching the question of priority between appellant and appellee, for the reason that we must sustain the point made by appellee's counsel, namely, there being no proof that appellant is a creditor of the defendant, he will not be heard to question the claim of the interpleader to the fund. Appellant introduced no evidence upon the trial

that the defendant owed him anything. There was no evidence that he was a creditor. The affidavit and other papers in the attachment suit are not evidence of this fact.

In Yost Mfg. Co. v. Alton, 168 Ill. 564, 566, the court said concerning the same situation as is before us: "Appellant introduced no evidence that it was a creditor of the Climax Cycle Company, except the affidavit, bond and other papers in the attachment suit, as before stated. These were not evidence of any indebtedness due the appellant. Without evidence of such an indebtedness the appellant could not raise any question of fraud, it not being shown to be a creditor. (Springer v. Bigford, 160 Ill. 495.) Without evidence, therefore, that appellant was a creditor, and it not being in a position to raise any question of fraud, it was not error in the trial court to instruct the jury, at the close of all the evidence, to find for appellee." This is the rule recognized and stated in A. D. Juilliard & Co. v. May, 130 Ill. 87, and Springer v. Bigford, 160 Ill. 495, where the court said: "But one important and essential element of such proof was wholly omitted,—that is, that appellant was a creditor of the defendant in the attachment. Appellant was not injured by the alleged fraudulent transfer unless he was a creditor of the vendor, and the court could not find that he was such creditor simply because he had brought an attachment suit." To the same effect is Campbell & Zell Co. v. Ross, 187 Ill. 553, where the court said: "But we have held that before a plaintiff in the attachment, upon an issue of this character, can question the good faith of the transfer under which the claimant claims title, he must prove that the relation of debtor and creditor existed between the defendant and himself,—in other words, must prove that the defendant was indebted to him." And in Clayton v. Clayton, 250 Ill. 433, 439, the court referred to the case of Yost Mfg. Co. v. Alton, *supra,* as follows: "The

attaching creditor there, as here, relied on the affidavit and other papers to establish his indebtedness on an issue being tried between the attaching creditor and a third party who claimed the property by interplea. There being no other evidence that the plaintiff in the attachment was a creditor of the defendant in that proceeding the trial court directed a verdict for the interpleader,'' and the court proceeds further to quote with approval this decision.

These decisions are decisive of the case before us. The suggestion that the interpleading claimant cannot question the sufficiency of the attachment proceedings, service or levy without specially pleading is not in point.  It is not the sufficiency of the attachment proceeding that is questioned, but appellant has failed to prove that which he had the burden of proving—that is, that he was a creditor having a right to contest the claim of an intervening claimant.  There is nothing to indicate to this court that the point above discussed was not before the trial court.

For the reason given the judgment is affirmed.

*Affirmed.*