(No. 11442.—Reversed and remanded.)

CLEO HINSHAW *et al.* Appellees, *vs.* ELZA RUSSELL *et al.*—
(ELIZABETH RUSSELL, Appellant.)

*Opinion filed October 23, 1917.*

1. TRUSTS—*a gift is not presumed where wife's money pays for land deeded to husband.* The rule that where a man pays for land and causes it to be conveyed to his wife or child the presumption arises that it was a gift or advancement does not apply where the wife pays for the land and the title is conveyed to her husband.

2. SAME—*when resulting trust arises in favor of wife.* Where heirs who are about to dispose of a farm agree that part of the farm shall be conveyed to the husband of one of the heirs at a certain price per acre and that her receipt for her share in the whole farm shall be regarded as a payment on the land which they convey to the husband, a resulting trust arises in favor of the wife though the total price is not evenly divisible by the amount of her share. (*Stephenson* v. *McClintock,* 141 Ill. 604, explained.)

3. SAME—*the term "aliquot part" explained.* The term "aliquot part," as used in respect to resulting trusts, means a definite and distinct interest as opposed to an indefinite and unascertainable one, and does not mean that the contribution of one person toward the purchase of land must be an amount which is contained a certain number of times in the whole purchase price without any remainder.

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

OGLEVEE & FRANKLIN, for appellant.

STONE & DICK, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of McLean county for the partition of 120 acres of land in said county, formerly standing of record in the name of Robert Russell, who departed this life intestate September 30, 1916. Appellant, Elizabeth Russell, the widow of said Robert

Russell, filed an answer and also a cross-bill, in each of
which she claimed to be the equitable owner of an undi-
vided 29/125 part of 62 acres of said land by reason of a
resulting trust therein. The cause was referred to a mas-
ter in chancery, who reported that appellant did not have
the equitable interest by reason of a resulting trust that
she claimed in said land, and recommended that partition
be granted as prayed in said bill and that the cross-bill be
dismissed for want of equity. The circuit court approved
the master's report and entered a decree of partition ac-
cordingly.

Robert Russell left him surviving his widow, appellant
herein, and a son and a daughter, as his only heirs-at-law.
The daughter died shortly after her father's death, leaving
a husband and three minor children, said minor children
being appellees herein. We find no dispute in the record
or briefs over the interests of the various parties, except
as to the claim of the appellant, Elizabeth Russell, to said
equitable interest under a resulting trust. Elizabeth Rus-
sell's father, William McClure, died in 1907, leaving ten
children (including said Elizabeth) as his only heirs-at-law,
and leaving 145 acres of land in McLean county, which
descended to his children. As we understand the record
McClure died intestate, and his heirs desiring to dispose of
the land, entered into an arrangement whereby one Yerion
purchased 83 acres of said land, and Robert Russell, hus-
band of said Elizabeth, purchased the remaining 62 acres.
The price paid for each piece was $100 per acre,—that is,
the whole 145 acres sold for $14,500, Elizabeth Russell's
share being $1450. All the heirs of William McClure
joined in executing a deed of the 83 acres to Yerion and
also joined in executing a deed of the 62 acres to Russell,
it being understood and agreed that all parties concerned
were to consider $1450 as having been paid on the pur-
chase price by reason of said Elizabeth receipting for her
interest in all her father's real estate and executing said

deeds. Russell borrowed the balance of the purchase price from another person to pay the heirs the amount over $1450 of the purchase price of said 62 acres, apparently giving a mortgage on said 62 acres for the amount of this balance, a portion of which mortgage still remains unpaid.

Appellant testified before the master that she permitted her $1450 interest in her father's land to be applied to the purchase of the 62-acre tract bought by her husband and that her husband never paid her back the money or any interest thereon. John McClure, a brother of Mrs. Russell, testified that he had conducted the business as to the sale of his father's farm as the agent or representative of the other children; that each of the children was entitled to $1450 as his or her share from the sale of the two pieces of land, and that Mr. and Mrs. Russell said to him, "John, if we can turn Lizzie's share for a payment we want it," meaning they wanted to purchase the 62 acres. He further testified that all of the $1450 that was Mrs. Russell's share in her father's property was applied as part payment of the purchase money on the 62 acres bought by Russell, and that Russell borrowed the money from another person to pay the balance. Another brother, Frank McClure, testified as to the same transaction, and stated that he heard Robert Russell, after the purchase was closed, say that Lizzie put her money in that land and that he could not have bought it unless she had. We find no contradiction in the record as to these facts. This was substantially all the testimony concerning the transaction by reason of which Mrs. Russell claims the equitable interest under her answer and cross-bill.

None of the parties to this litigation charge or claim any fraud or dishonorable dealings in any of the transactions, and apparently what was done was with the full consent and understanding of all parties. The only question necessary to be considered on this record is whether, on these facts, it will be presumed that a trust was raised by

implication in favor of the appellant, Mrs. Russell, in said 62 acres, for the amount of money coming from her father's estate that was applied on the purchase of said 62 acres.

As we understand the argument of counsel for appellees, it is to the effect that, even conceding the facts to be as stated above, Mrs. Russell would not be entitled to any equitable interest on the basis of a resulting trust; that, at the most, she could only have a claim for her share of the purchase money of the 83 acres sold to Yerion; that for her interest, derived from her father's estate, in said 62 acres which was purchased by her husband she could not, under any authority, claim a resulting trust, as her share in said 62 acres had never been paid to her and said undivided one-tenth interest was deeded by her directly to her husband as a gift. We do not think there is any merit in this argument. It has always been the doctrine of courts of equity that such courts have more regard for substance than form. This argument of counsel for appellees is to the effect that if appellant, Mrs. Russell, had been paid her share of the 62 acres in cash and then had given it to her husband to apply as part of the purchase money she might be entitled to an equitable interest therefor, but not having been paid her share she cannot be so entitled. If the money as to her interest in said 62 acres had actually passed back and forth, as appellees contend it should have in order to give her now the right to claim any interest in said 62 acres by reason of her original interest therein, it would have been a mere idle form and the result would have been the same as it is now.

"Where land is purchased with the money of one person and the deed taken in the name of another, a trust results by operation of law in favor of the person whose money is used." (*Mathis* v. *Stufflebeam,* 94 Ill. 481; see, also, *Coates* v. *Woodworth,* 13 Ill. 654, and *Smith* v. *Smith,* 85 id. 189.) "Where property is purchased and the conveyance of the legal title is taken in the name of one per-

son, A, while the purchase price is paid by another person, B, a trust at once results in favor of the party who pays the price, and the holder of the legal title becomes a trustee for him." (3 Pomeroy's Eq. Jur.—3d ed.—sec. 1037.) "The law presumes, in the absence of a statutory declaration to the contrary, that the one who pays the consideration is the one to reap the benefit, and that if, from any cause or reason operating between themselves, the title is not taken in the name of the one who has paid the purchase price, this was done for some reason satisfactory to themselves yet not for the purpose of vesting the whole title in the apparent grantee." (2 Devlin on Deeds,—3d ed.—sec. 1150.)

But it is argued that the facts do not show that there was any agreement between appellant and her husband that the property should be taken in the name of the husband, subject to a resulting trust in the wife's favor. It is clear, under the authorities, that it is not presumed that there is any definite agreement, either in writing or by parol. "Since a resulting trust cannot rest on an express agreement, no parol agreement between the parties, made before or after the conveyance of property, can give rise to a resulting trust therein." (39 Cyc. 106.) "The intention of the parties to create a resulting trust is not necessary to its existence. A constructive trust often arises where the beneficiary not only does not intend to create the relation but has no knowledge of its existence at the time." (*Wright* v. *Wright,* 242 Ill. 71, on p. 78.) "Although equity will sometimes construct a trust where there is no such intention, and such constructive trust does not differ, in substance, from a resulting trust, it seems better, for the sake of clearness, to reserve the term 'resulting trusts' for those which arise from presumed or implied intention, which in no case can be contrary to the actual intention as proved by proper evidence." (1 Perry on Trusts,— 6th ed.—sec. 132, note *a.*) "This trust arises, not from a contract or agreement of the parties, but from their acts.

Such trusts may be established by parol evidence." (*Lord v. Reed*, 254 Ill. 350, on p. 358, and cited cases.) "A resulting trust does not arise from or depend upon any agreement between the parties. Its very name implies that it is independent of any contract and is raised by the law itself upon a particular state of facts. It results from the fact that one man's money has been invested in land and the conveyance taken in the name of another. It is immaterial whether the purchase was made and the money paid by the trustee or the *cestui que trust*. This may be done by either without the knowledge of the other. No matter how or by whom done, if the fact exists, if it was done at all, by mere operation of law a trust is raised in favor of the party whose money was used to purchase the land, either to the whole or his equivalent portion of the land." (*Bruce v. Roney*, 18 Ill. 67, on p. 72.) Such a trust also "results in favor of one who pays only a part of the price. In other words, where two or three persons together advance the price and the title is taken in the name of one of them, a trust will result in favor of the other with respect to an undivided share of the property, proportioned to his share of the price." (3 Pomeroy's Eq. Jur. sec. 1038. See, also, 1 Perry on Trusts,—6th ed.—sec. 126.)

On the facts on this record the conclusion is inevitable that appellant is entitled to an equitable interest of an undivided 29/124 of the 62 acres of land purchased in the name of her husband, Robert Russell, from the McClure heirs. Beyond all doubt such interest arose at the time the deed from the McClure heirs to Russell was delivered. Elizabeth Russell's share in the proceeds of the whole farm was then considered to be released and paid, and the resulting trust in her favor began at the time such conveyance went into effect. There is no testimony in the record that tends in the slightest degree to show that it was understood that Elizabeth Russell only put into the land her share of the proceeds of the part sold to Yerion, and deeded

to her husband, as a gift, her one-tenth interest in said 62-acre tract. While it is true that where a man pays for land and causes it to be conveyed to his wife or child the presumption is that it was intended as an advancement or gift, (*Reed* v. *Reed,* 135 Ill. 482,) the reasons for such holding do not apply when the wife pays for the land and causes it to be conveyed to her husband. (*Wright* v. *Wright, supra.*) Where it appeared that the proceeds of the wife's separate land were used by the husband to purchase another tract, it was held, in the absence of any agreement to the contrary, that such proof was sufficient to constitute a resulting trust in the wife. *Ross* v. *Hendrix,* 110 N. C. 403; *Lloyd* v. *Woods,* 176 Pa. St. 63.

Counsel for appellees further argue that even though it might be held, otherwise, that this would be a resulting trust, it cannot be so held here in view of the rule laid down by this court in *Stephenson* v. *McClintock,* 141 Ill. 604, that it is essential, "where several contribute to a purchase, in order to create a resulting trust, that it shall appear that the sums severally contributed were for some distinct interest or aliquot part of the estate, as one-half, one-quarter," etc. The argument of counsel is that the $1450 is not an aliquot part of the $6200 purchase money of said 62 acres. We think counsel have put the wrong construction on that part of the quoted opinion in *Stephenson* v. *McClintock, supra,* relied upon in their brief here. In order to raise a resulting trust the payment of purchase money "must be for some specific part or distinct interest in the estate." (2 Devlin on Deeds,—3d ed.—sec. 1150.) In considering this question in *Skehill* v. *Abbott,* 184 Mass. 145, the court said: "The defendants contend that unless plaintiff has stipulated for such a fraction as is contained in the whole without a remainder no resulting trust can be created,—that is to say, if one person contributes $500 where the purchase money is $2500, stipulating for an undivided fifth interest, a resulting trust is raised in his favor, but

if he has parted with $1000 for the same purchase, stipulating for an undivided two-fifths interest, he would not be entitled to anything by way of a resulting trust. They arrive at this extraordinary conclusion by finding, first, that the court in some of the cases cited has said that it is not enough for a plaintiff to have contributed to the purchase money but he must have stipulated for an aliquot interest in the property, and then by finding that it is laid down in the dictionaries that the word 'aliquot' means something contained in another a certain number of times without leaving a remainder. Whatever definition may be given in the dictionaries, the word 'aliquot' was used in these opinions to mean 'a particular fraction of the whole' as distinguished from a general contribution to the purchase money." The same may be said as to the use of the word "aliquot" by this court in *Stephenson* v. *McClintock, supra.* To hold that a resulting trust can only arise when a person has furnished an aliquot part, as one-third, or one-fifth, or other fraction which is contained an exact number of times in the whole price, would be most unreasonable and without any fair basis upon which to rest. It is clear from reading the *Stephenson case,* and other cases where the word "aliquot" was used, that the court simply meant by that term a definite and distinct interest as opposed to an indefinite and unascertainable one. Of course, no resulting trust can be raised where the proportions paid by the respective parties are uncertain and indefinite. The portion of the purchase money furnished by appellant here was distinct, specific and definite. She furnished $1450 of the $6200 purchase money, therefore the portion contributed by her as compared with the portion furnished otherwise will be represented by the fraction 1450/6200, or 29/124. Through inadvertence it appears that appellant's answer and cross-bill give the fraction as 29/125 when it should have been 29/124, and counsel request in their brief that the fraction may be so modified.

For the reasons stated the decree of the circuit court is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*