(No. 15974.—Decree affirmed.)
Mary G. Forsland *et al.* Defendants in Error, *vs.* Ella
V. Gorman, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. Trusts—*when resulting trust arises.* A resulting trust arises
where one person pays or furnishes the consideration for a deed
conveying real estate to another, provided the grantee in the deed
is not the child or wife of the person who paid or furnished the
consideration, where it does not appear that a gift was intended or
that the property is held by agreement as an express trust.

2. Same—*declarations are admissible to determine whether the
property was taken as a trust.* Declarations as to how property
was taken by a grantee may be received in evidence to show
whether or not such property was taken as a trust.

3. Same—*when heirs have resulting trust in property taken in
name of widow.* Where property is purchased with the proceeds
of the sale of a portion of an intestate's estate and the title is
taken in the name of the widow, and there is no evidence of an
intention of the heirs to make a gift to the widow, the title being
taken in her name merely for convenience, a resulting trust arises
in favor of the heirs, and a deed by the widow conveying the prop-
erty to one of the heirs will convey nothing but her dower interest.

Writ of Error to the Circuit Court of Cook county;
the Hon. Ira Ryner, Judge, presiding.

Jose Ward Hoover, for plaintiff in error.

Edward G. Berglund, for defendants in error.

Mr. Justice Stone delivered the opinion of the court:

Defendants in error filed a bill for partition of certain
property in the city of Chicago located at the corner of
VanBuren street and Homan avenue, hereinafter referred
to as the Homan avenue property. The bill also prays that
a certain deed in which the plaintiff in error had been
named as grantee be set aside as a cloud upon their title.
The bill alleges that this property, instead of being in the
plaintiff in error, Ella V. Gorman, in fee, is vested in her

and the defendants in error, Mary G. Forsland and Elizabeth G. Smith, share and share alike. The bill also alleges that the property in question was transferred to Elizabeth Gorman, mother of the complainants and the defendant, and that by such transfer a resulting trust arose; that the complainants furnished definite portions of the purchase price; that at the time of the execution of the deed to Ella V. Gorman, Elizabeth Gorman, the grantor in the purported deed, was of unsound mind and subject to undue influence on the part of Ella V. Gorman. Upon pleadings being settled the cause was referred to the master in chancery, who heard the evidence and made his report finding that the equities were with the complainants, and recommending that the deed to Ella be set aside and that partition be had in accordance with the prayer of the bill. A decree was entered in accordance therewith.

The admitted and undisputed facts are as follows: John Gorman, father of the complainants and the defendant, died intestate in the city of Chicago in 1899. He was twice married. Margaret Gorman, who died on September 28, 1918, was the only child by his first marriage. She died a spinster, intestate. Complainants, Mary G. Forsland and Elizabeth G. Smith, and defendant, Ella V. Gorman, were at the time of the filing of this bill the surviving children by Gorman's second marriage. Mary G. Forsland is a teacher in the public schools in the city of Chicago. Elizabeth G. Smith, one of the complainants in the bill, died after the cause had been referred to the master and her testimony taken. Frances E. and Ormas G. Smith, her only children and heirs-at-law, were substituted as parties complainant. Gorman died intestate, seized of certain pieces of property in the city of Chicago, one of which was known as Nos. 1210 and 1212 West Thirteenth street, improved by an apartment building, where he made his home. Upon his death his real estate passed to his four daughters, Margaret Gorman, Mary G. Forsland, Elizabeth G. Smith and Ella V.

Gorman, subject to the dower of his widow, Elizabeth Gorman, and her homestead interest in the West Thirteenth street property. His estate was probated and his daughter Margaret was named administratrix. The probate record shows allowance of a widow's award to Elizabeth and a later release of the same by her. Dower and homestead interests were never set off to her but she continued in possession of all the real estate. Gorman, at the time of his death, was engaged in the grocery business on the West Thirteenth street property. The business was carried on for some time by the widow with the help of the daughters Ella and Margaret. Other property of which Gorman died seized is known in the record as the Center avenue property. In May, 1910, this property was sold to Charles Cohen for $8000. A warranty deed was given by the widow and the four children, Mary, Elizabeth, Margaret and Ella. It appears that the sale of this property was in accordance with arrangements made by all of the family. The net proceeds of this sale were $7990.46, which was placed in the bank by Margaret. This money, with accrued interest, was in 1911 used for the purchase of the property in controversy, known as No. 356 South Homan avenue, in the city of Chicago. The deed was taken in the name of the mother. While there is dispute as to the intention of the parties in having the deed taken in her name, we are of the opinion that the greater weight of the evidence shows that it was not the intention on the part of any of the children that the property should become a gift to the mother. The lawyer who attended to the purchase of the Homan avenue property prepared a deed to Margaret, with a declaration of trust in favor of the four daughters and the mother. It appears that a difference arose between Ella and Margaret concerning the matter, the former insisting that the deed should run to the mother, intimating, in effect, that if it were so done there would be no danger of any one of the children being deprived of her share in the

property; that the lawyer told Ella at the time, that the money buying this property belonged to the children of Gorman and the title ought to be taken in their names, but both Ella and Margaret said that to avoid trouble the title should be taken in the name of the mother. This was done. The purchase price was $9200, $8116.83 being paid in cash from the money arising from the sale of the Center avenue property and interest thereon. Other items of expense in connection with the transfer caused a purchase money mortgage of $1000 to be given back. This $1000 was paid off from the rents of the Homan avenue property and the West Thirteenth street property, which was owned by Gorman in his lifetime. The entire cash payment for the Homan avenue property came from the sale of the Center avenue property, with the interest that had accrued thereon.

Defendants in error contend that the above facts constitute a resulting trust; that Elizabeth Gorman, the mother, held the property in trust, and that the complainants and the defendant were each the equitable owner of one-third of the property, subject to the dower interest of their mother, Margaret having died intestate prior to the filing of the bill.

A resulting trust arises where one person pays or furnishes the consideration for a deed conveying real estate to another, where the grantee in the deed is not the child or wife of the person who paid or furnished the consideration and it does not appear that a gift was intended or that the property is held by an agreement as an express trust. (*Hinshaw* v. *Russell,* 280 Ill. 235; *Hartley* v. *Hartley,* 279 id. 593; *Feingold* v. *Roeschlein,* 276 id. 79; *Miller* v. *Miller,* 266 id. 522.) It is evident from reading the evidence in this case that there was no intention to make a gift to the mother on the part of any of the children. Though the evidence discloses no agreement to hold the property in trust, it is in evidence that the mother did not consider the property as belonging to her. She consulted with the family as to the sale of the Center avenue property and the pur-

chase and management of the Homan avenue property. The daughter Margaret was the one to select the latter for purchase. The rule is that declarations as to how the property is taken may be received in evidence to show whether or not such property is taken as a trust. (*Dodge* v. *Thomas,* 266 Ill. 76; *Sayles* v. *Christie,* 187 id. 420.) The chancellor found, and we are of the opinion that his finding is justified by the facts as here presented, that the mother held the property under a resulting trust for the benefit of the complainants and the defendant, subject to her right of dower therein, and that upon her death the right of dower was extinguished and the complainant Mary G. Forsland and the defendant, Ella V. Gorman, each became the owner in fee simple of an undivided one-third part thereof, and that the fee to the other undivided one-third part of said property vested in Frances E. and Ormas G. Smith, as the sole heirs-at-law of Elizabeth G. Smith, deceased. As the mother had only a dower interest in the Homan avenue property she could by deed transfer nothing more to Ella V. Gorman. The deed claimed by Ella to have been executed by her mother, conveying the fee in the Homan avenue property to Ella, was dated December 2, 1918. Even if this deed be considered valid, it could, under the view we take of the situation, have conveyed only the dower interest of the mother, and upon her death, April 5, 1919, that interest became extinguished, so that Ella thereafter held no beneficial interest by reason of the deed.

The bill alleges that the deed was void; that Elizabeth Gorman, the mother, was mentally incompetent to make a deed at the time of its purported execution, and that it was procured by the undue influence of Ella Gorman; also that a fiduciary relationship existed between Ella and her mother. A large number of witnesses were called on the matter of mental competency of the mother at the time the deed is

purported to have been executed.   Under the view we take
of the point already discussed it is not necessary to consider
this matter.

The decree will be affirmed.                *Decree affirmed.*

---

(No. 16106.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Er-
ror, *vs.* FRANK KAWOLESKI, Plaintiff in Error.

*Opinion filed October 28, 1924.*