53 So.2d 312 (1951)
PYLE
v.
PYLE et ux.
Supreme Court of Florida, Division B.
June 29, 1951.
*313 M.C. Scofield and Chas. B. Fitzpatrick, Inverness, for appellant.
Lovick P. Williams, Inverness, for appellees.
ROBERTS, Justice.
The plaintiff-appellant filed suit in the court below seeking to have declared in her favor a resulting trust as to certain property purchased by her deceased husband during his lifetime. The plaintiff named as parties defendant the son of her deceased husband, and the son's wife, and alleged that she and her step-son were the only heirs-at-law of the decedent, who died intestate. The defendants filed a motion to dismiss the bill, the only grounds with which we are here concerned being that (1) the allegations of the bill affirmatively showed a gift by the plaintiff to her deceased husband, and not a resulting trust, and (2) the plaintiff had failed to join as a party defendant the personal representative of the deceased husband's estate. The motion to dismiss was granted by the lower court and, the plaintiff declining to amend further, final decree of dismissal was entered. Plaintiff has appealed from such decree.
On the question of whether or not the allegations of plaintiff's bill sufficiently alleged a resulting trust, the contention of the plaintiff-appellant must be sustained. The plaintiff alleged in her bill that her husband purchased certain property for her use and benefit, that the full purchase price was furnished by plaintiff out of her separate estate, that improvements were constructed thereon with plaintiff's funds, and that title to the property was taken in the name of the husband for convenience only.
The characteristics of a resulting trust have been many times delineated by this court; and it is well settled that where the purchase money of land is paid by one person, and the title is taken in the name of another, the party taking the title is presumed to hold it in trust for him who *314 pays the purchase price. Frank v. Eeles, 152 Fla. 869, 13 So.2d 216.
It is true, as contended by appellee, that the presumption of a trust does not obtain in those cases where the purchase money is supplied by the husband and the title is taken in the name of his wife or child. The husband and father being under a legal and moral obligation to support such dependents, the conveyance in such cases is "regarded prima facie as an advancement", Smith v. Smith, 143 Fla. 159, 196 So. 409, 410, or, stated differently, "is presumed to be a gift". Foster v. Thornton, 131 Fla. 277, 179 So. 882, 888, citing Hinshaw v. Russell, 280 Ill. 235, 117 N.E. 406.
But in this jurisdiction the rule is otherwise where the wife pays for land out of the proceeds of her own separate estate and the title is taken in the name of the husband. In such case the reason for the exception to the rule fails, and the general rule as to the presumption of a trust applies. Foster v. Thornton, supra; Williams v. Williams, 147 Fla. 419, 2 So.2d 725.
It must be held, therefore, that the ground of defendant's motion to dismiss first above mentioned was not well taken.
There is likewise no merit to defendant-appellee's contention that plaintiff's bill was properly dismissed for failure to join an indispensable party defendant, to wit, the personal representative of the deceased husband's estate. The plaintiff alleged that her husband died intestate; that she and the defendant Frank L. Pyle are his sole heirs-at-law; that there are no other persons "either as claimants, mortgagors, lienholders or otherwise, who are claiming any interest, right, title, claim or demand in and to" the property here involved. It is admitted that proceedings for the administration of the estate have not been instituted and that there is no such person as the "personal representative" of the decedent's estate.
So the question actually resolves itself into this: Was the plaintiff required to institute administration proceedings and obtain the appointment of a personal representative before bringing her suit to enforce a resulting trust? We do not think so. The personal representative is regarded as the trustee or agent, appointed by law, for the benefit and protection of the heirs and the creditors of the decedent. All of the heirs are parties to the instant suit, so that there is no necessity for his appointment to protect their interests. Nor is his appointment and joinder necessary in order to protect the interests of the creditors of the decedent. Property held in trust does not become, on the death of the trustee, assets of his estate. 21 Am.Jur., Executors and Administrators, Sec. 202, page 483. If, then, the plaintiff is able to establish by clear and satisfactory proof that the property in question was held in trust for her by her deceased husband, his creditors would not ordinarily be entitled to enforce their claims against such property. Scott on Trusts, Sec. 459, page 2305; Restatement of Trusts, Sec. 313, page 947.
We are cognizant of the rule laid down in Russ v. Blackshear, 88 Fla. 573, 102 So. 749, and cited by appellee, that "when a wife permits her husband to hold the record title to her realty, or permits him to use her money as his own to invest it in his own name, and thereby obtain credit on the faith of his being the owner of the same, she is estopped in equity to assert her title thereto as against one extending credit to the husband, in reliance on such ownership." But the plaintiff here alleged that there were no other persons "either as claimants, mortgagors, lienholders or otherwise, who are claiming any interest, right, title, claim or demand in and to" the subject property, and this allegation must be deemed to be admitted by the motion to dismiss.
And even if there were such a creditor, he is not an "indispensable party" to the instant suit, since the controversy can be resolved without prejudicing his rights to establish his claim against the trust property in separate proceedings for that purpose. See Coleman v. Mulligan, Sup., 66 N.Y.S.2d 696; Pepple v. Rogers, 104 Fla. 462, 140 So. 205, 211; 67 C.J.S., Parties, § 42, page 965.
*315 The grounds stated in defendant's motion to dismiss, other than the two mentioned in the first paragraph of this opinion and here argued, were likewise insufficient to justify a dismissal of plaintiff's bill; and, indeed, the defendant does not here contend that they were legally sufficient.
For the reasons stated, the final decree of dismissal is reversed and the cause remanded for further proceedings.
Reversed and remanded.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.