MULTI-CLEAN PRODUCTS, INCORPORATED, Plaintiff, *v.* WAYNE J. KASPER, WAYNE J. KASPER d/b/a CYCLO OF FLORIDA, Defendant.—(RUTH L. KASPER, Interpleader-Plaintiff, *v.* MULTI-CLEAN PRODUCTS, INCORPORATED, Interpleader-Defendant.)

(No. 54807; ▬▬▬▬▬▬)

First District—November 30, 1971.

Winston, Strawn, Smith & Patterson, of Chicago, (Ronald Butler, of counsel,) for appellant.

Heinze & Downs, of Palatine, (George E. Downs, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is the outgrowth of a controversy concerning a certificate

of deposit seized by a writ of attachment. The sole issue is whether the trial judge ruled correctly when he found that the certificate was owned by Ruth L. Kasper, the interpleader.

On August 5, 1968, a safe-deposit box jointly owned by Wayne J. Kasper, Ruth L. Kasper (husband and wife) and Judith L. Kasper (the daughter of Ruth by a former marriage), was seized by a writ of attachment. In the box (with two other items not here relevant) was a $10,000 certificate of deposit in the name of Ruth and Judith Kasper. The writ had issued in aid of a complaint which alleged that defendant Wayne J. Kasper, as a guarantor, owed plaintiff the sum of $11,692.08. Wayne Kasper answered the complaint and denied he was a guarantor and that he was indebted to the plaintiff. On the day the answer was filed, Ruth Kasper petitioned the court for leave to interplead, alleging that although the name of her husband was on the safe-deposit box lease, she was the owner of the box and its contents. Plaintiff answered the petition. Later, the trial court heard evidence to determine ownership of the property seized by the writ of attachment. Other than four exhibits admitted on behalf of plaintiff, the only evidence was the testimony of Ruth Kasper.

She testified that in 1944, on the death of her first husband, she received $10,000 from an insurance policy. In 1947 she married Wayne J. Kasper. Using her $10,000, they purchased a house in Park Ridge. Title was taken by them in joint tenancy. In 1954 they sold the house and bought a second one, also as joint tenants. In June or July 1968, this house was sold and from part of the proceeds "[w]e put the $10,000 in a cash deposit certificate because that was the insurance that was originally mine." The certificate was issued to Ruth and Judith Kasper. After hearing Ruth Kasper and taking the case under advisement, the trial judge found that the certificate of deposit was her property and ordered it delivered to her.

Plaintiff contends that as an interpleader, Ruth Kasper had the burden of proving she was the owner of the attached property, a burden she did not discharge. Plaintiff insists that Ruth Kasper's testimony disclosed a gift by her to her husband of a one-half interest in the house purchased in 1947 with her $10,000. This argument is pursued with the assertion that the 1957 and 1968 sales proceeds were equally owned by plaintiff's alleged debtor.

Concerning the 1947 purchase of the house, plaintiff contends that when one spouse furnishes consideration and title is acquired jointly, it is presumed that a gift to the other spouse is intended. (*Walker v. Walker*, 369 Ill. 627, 17 N.E.2d 567, and *Spina v. Spina*, 372 Ill. 50, 22 N.E.2d 687.) The interpleader, on the other hand, contends that the facts give rise to a different presumption. She argues that when all of the consideration is furnished by a wife and title to property is taken by the husband, it is

presumed that a trust for the benefit of the wife is intended. *Mauricau v. Haugen*, 387 Ill. 186, 56 N.E.2d 367 and *Peters v. Meyers*, 408 Ill. 253, 96 N.E.2d 493.

■■■ It is not to be doubted that there are these presumptions in our law. (See *Nickoloff v. Nickoloff*, 384 Ill. 377, 51 N.E.2d 565; *Hinshaw v. Russell*, 280 Ill. 235, 117 N.E. 406.) But, they do not apply to this case. The writ of attachment did not seize property which gave rise to these presumptions. The safe-deposit box was jointly owned. Joint ownership of a box indicates nothing as to the ownership of its contents. (*Gilkinson v. Third Ave. R. Co.* (1936), 47 App.Div. 472, 63 N.Y.S. 792; Anno. 101 A.L.R. 832.) Joint ownership of a box has no more bearing on title to its contents than would a lease have on title to furniture found in the leased premises. *In re Roth's Estate* (1964), 25 Wis.2d 528, 131 N.W.2d 286, 289; Anno. (1950), 14 A.L.R.2d 948, 954. In this case the $10,000 certificate of deposit issued to Ruth Kasper and her daughter Judith was the bank's receipt for, and promise to pay, money deposited. (9 C.J.S. Banks and Banking, §311.) The law presumes that a deposit, or the right to claim it, belongs to the person in whose name it is found. (*Huff v. Oklahoma State Bank* (1922), 87 Okl. 7, 207 P. 963; *Gladden v. Columbiana Sav. Bank* (1938), 235 Ala. 541, 180 So. 548; 9 C.J.S. Banks and Banking, §285.) Ruth Kasper's testimony, was uncontradicted and unimpeached. It proved how the certificate of deposit came to be in her name and in that of her daughter, Judith. Therefore, it appears that the certificate did not belong to Walter J. Kasper who, plaintiff claims, was its debtor. This being so, it cannot be applied to the debt. *Hollenback v. Todd*, 119 Ill. 543, 8 N.E. 829.

Plaintiff contends, however, that transfer of the $10,000 so that Ruth and Judith Kasper could acquire the certificate of deposit was a fraud on Wayne Kasper's creditors. Pointing to the only evidence it can find in the record, plaintiff argues that because she admitted "I knew my husband was in financial difficulty during the year 1968, * * *" Ruth Kasper knew that her husband was indebted to the plaintiff.

■■■ We cannot agree with this contention nor with the argument in its support. Both proceed on the assumption that Wayne Kasper was a debtor and that plaintiff was a creditor. Ruth Kasper's answer to the question asked during cross-examination does not have the meaning which plaintiff attaches to it. Ruth Kasper's knowledge that her husband was "in financial difficulty during * * *" a given year does not prove she knew he was in debt, particularly to the plaintiff. Therefore, no evidence in this record proved that Wayne Kasper was a debtor or that plaintiff was a creditor. There was pending a controverted complaint which alleged that Wayne Kasper was indebted to the plaintiff. This was

16

supported by an affidavit of attachment. But neither the complaint nor the affidavit was evidence of Wayne Kasper's indebtedness to the plaintiff. (*Schmidt v. Michael*, 294 Ill.App. 606, 13 N.E.2d 867; *Yost Manf. Co. v. Alton*, 168 Ill. 564, 48 N.E. 175.) It follows that there is no support for plaintiff's claim that it was a creditor of Wayne J. Kasper. The $10,000 transaction by which Ruth Kasper acquired the certificate in July 1968 could be a fraud on plaintiff only if it was then or it subsequently became a creditor of Wayne Kasper. (*Campbell & Zell Co. v. Ross*, 86 Ill.App. 356, aff'd 187 Ill. 553, 58 N.E. 596.) This being so, the trial judge ruled correctly when he found that Ruth L. Kasper was the owner of the certificate of deposit in the safe-deposit box that was seized by plaintiff's writ of attachment. The judgment is affirmed.

Judgment affirmed.

SCHWARTZ and STAMOS, JJ., concur.