[Civ. No. 22642. Second Dist., Div. One. Feb. 24, 1958.]

LILLIAN R. WHYATT, Appellant, v. KATHERINE E. KUKURA, Respondent.

Block, Toler, Bulloch & Biggerstaff and Lloyd A. Bulloch for Appellant.

Spray, Gould & Bowers and Frank J. Breslin, Jr., for Respondent.

HERNDON, J. pro tem.*—Plaintiff was given judgment upon a jury verdict in the amount of $750, in an action seeking recovery of damages for personal injuries sustained in an

*Assigned by Chairman of Judicial Council.

automobile collision. As stated in her opening brief: "Plaintiff appeals from the judgment entered on jury verdict and from denial of her motion for a new trial upon the following grounds: Insufficiency of the evidence to justify the verdict in that damages awarded plaintiff for personal injuries in the automobile accident were grossly inadequate to compensate her for the special and general damages she suffered; error, as a matter of law consisting of abuse of discretion of the trial court in failure to grant plaintiff's motion for a new trial."

The order denying a motion for a new trial is nonappealable (*Taylor* v. *Hawkinson,* 47 Cal.2d 893 [306 P.2d 797]), but is reviewable upon an appeal from the judgment (Code Civ. Proc., § 956; *Hughes* v. *De Mund,* 195 Cal. 242, 247 [233 P. 94]). ■ It is well settled that a motion for a new trial on the ground of insufficiency of the evidence to justify the verdict appeals peculiarly to the discretion of the trial court, and its order refusing a new trial will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. (*Bencich* v. *Market St. Ry. Co.,* 20 Cal.App.2d 518, 520 [67 P.2d 398]; *Lambert* v. *Kamp,* 101 Cal.App. 388, 392 [281 P. 690]; *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal.App. 8, 11 [175 P. 26, 177 P. 845].)

■ A very brief summary of a portion of the evidence will suffice to demonstate its sufficiency to support the verdict and judgment. The automobile in which plaintiff was riding was struck from the rear by defendant's vehicle. The resultant injuries to which plaintiff testified were of the so-called "whiplash" type. Dr. Wood, the specialist in orthopedic surgery to whom plaintiff was referred by her physician, made a diagnosis "of sprain of the neck and low back with pre-existing osteoarthritis of the cervical spine, with a history of peptic ulcer and high blood pressure."

The accident occurred on October 25, 1954. The plaintiff testified that she had been under the care of a Doctor Kidd for seven years prior to this date for high blood pressure and bleeding ulcer. Some two months before the accident she had been confined to a hospital with a bleeding ulcer, and for several weeks before her hospitalization she had serious symptoms of the same character. Following this hospitalization she was in bed a substantial portion of each day and required household help for several weeks thereafter.

Approximately a year after the accident plaintiff returned to the same hospital for the reason that her ulcer was again hemorrhaging to the extent that she required a blood trans-

fusion to alleviate an anemic condition. She was confined to her bed both before and after this hospitalization.

Dr. Wood testified that by March following the accident, some six months later, her condition was such that she had minimal back pain. Referring to her preexisting condition of osteoarthritis, the doctor stated that it was "a condition of spurring and irritation" of the bones of the spine and was not caused by the accident. On cross-examination, the doctor defined the difference between subjective and objective findings and testified that muscle spasm was an objective finding usually present in a case of serious injury to the neck or back. He testified that upon examination of plaintiff he found no muscle spasm within the region of her neck or her low back. Upon examination of X-rays taken both by the doctor and at the hospital no abnormalities other than the arthritic changes previously mentioned were revealed. Hospital records received in evidence disclosed that during a period of some six years preceding the accident plaintiff had given a history of serious disorders indicative of failing health.

Plaintiff claimed special damages aggregating in excess of $1,000. The medical expenses which plaintiff attributed to the injuries sustained in the accident totaled $276.70. She claimed additional special damages for laundry, housekeeping and other incidental expenses totaling an additional $795.22. Clearly, the evidence was such, however, that the jurors might very reasonably have believed, as evidently they did believe, that plaintiff's physical disabilities, as well as the various items of expense which made up her claim of special damages, were chargeable very largely to preexisting causes. The decisions relied upon by plaintiff such as *Clifford* v. *Ruocco,* 39 Cal.2d 327 [246 P.2d 651], and *Bencich* v. *Market St. Ry. Co., supra,* are "not in point, for the reason that in those cases there was no issue, as here, as to whether the injuries were caused by the particular accident or due to a preexisting cause." (*Post* v. *Alameda Amusement Co.,* 117 Cal.App.2d 588, 595 [256 P.2d 580].)

From the foregoing it is manifest that there was no abuse of discretion in the trial court's denial of plaintiff's motion for a new trial.

The attempted appeal from the order denying a motion for a new trial is dismissed, and the judgment is affirmed.

White, P. J., and Fourt, J., concurred.