[Civ. No. 23999.   Second Dist., Div. Two.   Nov. 23, 1959.]

JULES KRAUT, Appellant, v. WILLIAM CHARLES
CORNELL, Respondent.

Charles I. Rosin for Appellant.

Zahradka & Glines and Robert Glines for Respondent.

FOX, P. J.—Plaintiff was injured in an automobile collision. A jury awarded him $300 damages. He has appealed from the verdict and judgment on the ground that the damages awarded are inadequate.

On the afternoon of Wednesday, May 29, 1957, plaintiff was on his way home from work, traveling west on Fountain Avenue, in Hollywood, where he approached its intersection with Virgil Avenue. The red and green traffic signals at the intersection were in operation, with traffic stopped on Fountain. Plaintiff stopped behind a truck. While thus waiting for the change of signals his car was hit in the rear by the defendant's car. Plaintiff was thrown forward, hitting his head. The impact moved plaintiff's automobile ahead two or three feet. After the collision both plaintiff and defendant moved their automobiles off the main highway to avoid obstructing traffic. Defendant told plaintiff at the scene of the accident that his attention has been distracted from the traffic ahead of him by a woman driver coming from a parking lot on his right. He also stated that he was under the impression that plaintiff's car and the truck ahead of him were moving. A few minutes after the impact, plaintiff complained of pain in the lower part of his back, and also on the right side of his neck. Plaintiff was immediately taken to the Kaiser Foundation Hospital for examination, where the bruise on his head was treated. The following day he was examined at the hospital for neck and back injuries. He received therapy treatment at the hospital from time to time, and also occasionally received such treatment to the date of trial.

Plaintiff testified that since the accident he had not been able to do any lifting of any substantial nature, or any heavy physical work because of pain in his back. Plaintiff was in the process of changing jobs when this accident occurred. He reported for work on the new job on the Monday morning following the accident. As a consequence, there was no loss of time from work. There were placed in evidence medical reports by Dr. Zach, who treated plaintiff following the accident, and by Dr. Smith, who started treatment of plaintiff on July 1, 1958. Dr. Zach's diagnosis was that plaintiff had a whiplash injury and "*right* leg shortening" of ⅜ of an inch. Dr. Smith, on the other hand, reported that plaintiff had "a minimal scoliosis due to a *left* ¼ inch short leg and pelvic obliquity." Dr. Zach advised plaintiff "to obtain a right heel-sole lift." Dr. Smith stated: "The impression was that the patient had (1) a short leg scoliosis; (2) a congenitally abnormal back; (3) tension headaches" and was suffering from "postural lumbosacral strain." Dr. Plimpton, called by plaintiff, testified that he found the limbs to be of equal length. Dr. Haft, called by the defendant, stated that as a result of his examination on July 16, 1958, he could find no residual of any injury from the accident. Plaintiff, however, advised Dr. Haft that his neck and back were still bothering him.

Plaintiff had paid doctor bills in the amount of $290, and the cost of repairing his car amounted to $86.54.

Plaintiff's position is that "the damages awarded are inadequate as a matter of law." ■ The guiding principle in the instant matter is aptly stated in *Gersick* v. *Shilling,* 97 Cal.App.2d 641 [218 P.2d 583]. On page 645, the court said: "The question as to the amount of damages is a question of fact. In the first instance, it is for the jury to fix the amount of damages, and secondly, for the trial judge, on a motion for a new trial, to pass on the question of adequacy. ■ Whether the contention is that the damages fixed by the jury are too high or too low, the determination of that question rests largely in the discretion of the trial judge. The appellate court has not seen or heard the witnesses, and has no power to pass upon their credibility." In accord are *Harris* v. *Los Angeles Transit Lines,* 111 Cal.App.2d 593, 597 [245 P.2d 35]; *Sills* v. *Soto,* 124 Cal.App.2d 539, 544 [269 P.2d 98]; *Adams* v. *Pacific Motor Trucking Co.,* 172 Cal.App.2d 505, 507 [342 P.2d 351]. ■ It is, of course, the responsibility of the trier of fact to evaluate the credibility of the witnesses and the weight to be given their testimony.

(*Huth* v. *Katz,* 30 Cal.2d 605, 609 [184 P.2d 521].) ▮ In this connection it should also be pointed out that the trier of fact may reject the uncontradicted testimony of a witness provided he does not act arbitrarily. (*Hicks* v. *Reis,* 21 Cal.2d 654, 659-660 [134 P.2d 788].) Relevant in this respect are many considerations: interest of the witness in the result of the case, his motive, the manner in which he testifies, and the contradictions appearing in the evidence. (*Huth* v. *Katz, supra; American Trust Co.* v. *Fitzmaurice,* 131 Cal.App.2d 382, 388 [280 P.2d 545]; *Hill* v. *Thomas,* 135 Cal.App.2d 672, 681 [288 P.2d 157].) ▮▮ Also, ''[i]n determining whether an amount awarded is inadequate as a matter of law, the evidence on the issue of damages must be considered in the light most favorable to sustaining the determination reached by the trier of facts.'' (*Harris* v. *Los Angeles Transit Lines, supra.*) Applying these principles to the facts in the instant case, it is apparent that the judgment must be affirmed.

▮ It seems clear from the evidence that plaintiff had an abnormal back, one leg shorter than the other, and suffered from postural lumbosacral strain prior to the accident. The conflict in the written reports of the two doctors who treated plaintiff as to which leg was shorter, and the conflict between these reports and the testimony of Dr. Plimpton that plaintiff's legs were the same length, were facts the jury could properly take into account in determining the weight that should be accorded their evidence. Plaintiff's testimony, if fully accepted, would have supported a substantial verdict. Since, however, he was vitally interested in the outcome of the case, the jury was not required to give full credence to his testimony, much of which, naturally, was of subjective symptoms.

▮ It is quite apparent that the jury came to the conclusion that plaintiff's asserted aches and pains were to a considerable extent due to his previous physical condition; certainly not entirely due to any injuries received in the accident. In such circumstances it was obviously the responsibility of the jury to decide how much of plaintiff's asserted pain and discomfort stemmed from the collision. (*Harris* v. *Los Angeles Transit Lines, supra.*) While there is room for disagreement in matters of this nature, it cannot be said as a matter of law that the award was inadequate, for it is patent that the jury was not convinced plaintiff had sustained his burden of proof that the ills he described were all caused by defendant's negligence. In denying plaintiff's motion for a

new trial the court obviously agreed with the jury's conclusion.

Certain aspects of this case are strikingly similar to those in *Frampton* v. *Stoloff*, 142 Cal.App.2d 175 [298 P.2d 10]. In that case plaintiff was a guest in an automobile which was standing still when defendant's car hit it in the rear, as in the instant matter. Plaintiff sought to recover $35,000 damages for personal injuries. Her hospital and doctor bills amounted to $689. There was evidence, as here, that plaintiff suffered from other difficulties. The jury's verdict was $250. Plaintiff moved for a new trial on the ground that the damages awarded her were inadequate. Her motion was denied. The judgment was affirmed on appeal. (See also *Whyatt* v. *Kukura*, 157 Cal.App.2d 803, 805 [321 P.2d 860].)

Plaintiff emphasizes the fact that the verdict was less than his special damages. From this he concludes that his claim of inadequacy of damages is established. Such conclusion, of course, does not necessarily follow. Since the jury could properly find that plaintiff's asserted pain was not entirely due to the accident, it could also properly conclude that a portion of his medical expense was likewise not attributable to the accident. (See *Frampton* v. *Stoloff, supra,* pp. 178-179.)

The basic difficulty with plaintiff's argument is that he would have this court reweigh the evidence and draw inferences contrary to those drawn by the jury. Under firmly established principles, we are not at liberty to do this.

Plaintiff complains (1) that the court failed to instruct the jury on the doctrine of res ipsa loquitur; (2) that defendant's negligence was established; and (3) that plaintiff was not guilty of contributory negligence. We need not discuss the merits of these contentions. Suffice it to say that plaintiff suffered no prejudice by reason of the court's failure to instruct on these matters. By its verdict in favor of plaintiff the jury impliedly found defendant was negligent and that plaintiff was not guilty of contributory negligence.

Plaintiff argues that the smallness of the verdict indicates that it was the result of compromise. This implies that the jury acted improperly. He overlooks the fact that the jury did not give full credence to his story, a prerogative which was theirs under the law. The presumption is that the jury acted properly. (Code Civ. Proc., § 1963, subd. 15.) Since we must view the matter in the light most favorable to supporting the judgment, we must accept the presumption

in favor of the regularity of the verdict in the absence of any contrary showing rather than the hypothesis that it acted illegally.

Since there is no appeal from the verdict, the purported appeal therefrom is dismissed. The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied December 17, 1959, and appellant's petition for a hearing by the Supreme Court was denied January 20, 1960.