[Civ. No. 23374. First Dist., Div. One. Aug. 4, 1967.]

VELMA LEE MATTHIES, Plaintiff and Appellant, v. DUBUQUE PACKING COMPANY et al., Defendants and Respondents.

Elmer P. Delany and Neri Ramos for Plaintiff and Appellant.

Bacon, Mundhenk, Stone, O'Brien & Hammond and Joseph L. Bortin for Defendants and Respondents.

ELKINGTON, J. — Velma Lee Matthies, plaintiff below, appeals from a judgment in her favor for personal injuries, following a jury verdict for $2,500. She contends that the verdict was unsupported by the evidence and that it was based on erroneous instructions. The trial was restricted to the issue of damages, the jury being instructed to find in favor of plaintiff on the issue of liability.

A car being driven by plaintiff, while temporarily stopped in traffic, was struck in the rear by a panel truck, which in turn had been rammed by a truck operated by defendants. She told defendant driver and the police that she was not hurt and mentioned no injuries whatever. She then drove home in her car.

At the trial there was substantial evidence indicating plaintiff had, following the accident, suffered from a sprained cervical spine with possible dislocation and "tiny" fracture, and right knee trouble, and that these injuries were attended by pain, physical discomfort and general poor health. However, there was substantial evidence that before the accident she had also suffered from back pain, a right knee injury,

heart, abdominal, and head pain, and poor health. A theory of plaintiff was that her prior condition was exacerbated by the accident. On the record the jury could reasonably have found that all or a portion of plaintiff's complaints preceded the accident. (Cf. *Kraut* v. *Cornell*, 175 Cal.App.2d 528, 532-533 [346 P.2d 438].)

■ As has so frequently been stated, where it is contended that a verdict is unsupported by the evidence, the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; 3 Witkin, Cal. Procedure (1954) Appeal, § 84, p. 2245.)

■ As to the court's instructions plaintiff complains of the language (which we italicize) in "the court has found as a matter of law that the defendants were negligent, and that *their negligence was a proximate cause of the collision.*" She urges that instead the jury should have been told that defendants' negligence was a proximate cause of plaintiff's *injuries.* Such an instruction clearly would have been improper here where defendants admitted liability for the accident, but denied that plaintiff's injuries proximately resulted therefrom.

■ Further complaint is made of the court's failure to give the following requested instruction: "You are instructed that in evaluating plaintiff's damages, to consider if any preexisting condition on the part of the plaintiff has more readily disposed her to injury, even though such negligence would not have caused injury to a person that did not have the preexisting condition such as the plaintiff had.'

On this subject the court did give instructions in the language of those numbered 171-C and 171-D of BAJI Cumulative Pocket Parts (1967) as follows: "If you find that the plaintiff had a condition or disability existing at the time of the accident which was not proximately caused by any negligence on the part of defendants, you may not assess any damages for that condition against defendants. However, if you find that negligence on defendants' part has been a proximate cause of aggravating or worsening such a previously existing condition or disability, that effect should be considered by you in fixing damages. This is true even if the person's condition made her more susceptible to the possibility of ill effects than a normally healthy person would have

been, and even if a normal person probably would have survived the same experience without any substantial injury.'' We believe these instructions were adequate and properly covered the subject. ■ The court may give a proper instruction of its own in lieu of a proffered instruction. (*Johns* v. *Ward,* 170 Cal.App.2d 780, 789 [339 P.2d 926] ; 2 Witkin, Cal. Procedure (1954) Trial, § 52, p. 1780.)

Judgment affirmed.

Molinari, P. J., and Sims, J., concurred.