*In re* DUNLAP ESTATE

CITY BANK & TRUST COMPANY v LEIGHTNER .

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING THE VERDICT.

The Court of Appeals is called upon to review the facts that were brought out at the trial and all legitimate inferences therefrom in the light most favorable to the nonmoving party and to determine whether reasonable men could differ in deciding the ultimate issue where there is an appeal claiming reversible error by the trial court in refusing to enter a directed verdict or a judgment notwithstanding the verdict in an appellant's favor.

2 EVIDENCE—RIGHT OF ACCESS—SAFE DEPOSIT BOXES—CHANGE OF OWNERSHIP—DECEDENT'S INTENT.

A joint right of access to a safe deposit box does not alone effect a change in ownership of the contents of the box; however, it is one factor which may properly be considered in arriving at a decedent's intent regarding another's interest in such contents.

3. EVIDENCE—SAFE DEPOSIT BOXES—CO-LESSEES—TERMS OF LEASE—DECEDENT'S INTENT.

Allowing the jury to consider the safe deposit box lease terms in making a determination whether the co-lessee was entitled to ownership of the box's contents was not reversible error, because while the terms may not constitute clear and convincing proof of a decedent's intent, they are probative of such to some extent.

4. APPEAL AND ERROR—SUBMISSION TO JURY—EVIDENCE—JUDGMENT NOTWITHSTANDING THE VERDICT—INFERENCES—REASONABLE MINDS—MOST FAVORABLE LIGHT.

A question is properly submitted to the jury for resolution where

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 4 Am Jur 2d, Appeal and Error §§ 110–112.

5Am Jur 2d, Appeal and Error §§ 819, 849.

[2, 3] 10 Am Jur 2d, Banks §§ 473, 474.

Survivor's rights to contents of safe-deposit box leased or used jointly with another. 14 ALR2d 948.

there is evidence supporting each party's argument and the Court of Appeals should not reverse the jury's verdict where it determined that reasonable minds could differ after consideration of the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party when there was a motion for judgment notwithstanding the verdict.

Appeal from Jackson, Charles J. Falahee, J. Submitted January 12, 1976, at Lansing. (Docket No. 22252.) Decided February 9, 1976.

Complaint by City Bank & Trust Company as executor of the estate of Esther Ruth Dunlap, deceased, against Stewart E. Leightner seeking the return of the contents of a safe deposit box leased in the names of the decedent and the defendant. Judgment for defendant. Plaintiff appeals. Affirmed.

*Guy E. Christian,* for plaintiff.

*Ronald J. Parker,* for defendant.

Before: N. J. KAUFMAN, P. J., and T. M. BURNS and M. F. CAVANAGH, JJ.

T. M. BURNS, J. By this action, plaintiff, as executor of the estate of Esther Dunlap, sought to recover the contents of a safe deposit box, which contents were given to defendant after Mrs. Dunlap's death.

After evidence was presented, both parties moved for a directed verdict. The motions being denied, the case went to the jury, which found for defendant. The trial court denied plaintiff's motions for judgment notwithstanding the verdict and for a new trial, and plaintiff now appeals as of right.

Decedent leased a safe deposit box at the Na-

tional Bank of Jackson. Defendant, Mrs. Dunlap's only child, was named as co-lessee of the box on the lease agreement. Only decedent had deposited or removed property from the box prior to her death, and she paid the rental on the box.

When inventoried, the safe deposit box was found to contain, among other things, a large envelope which contained three smaller, sealed envelopes full of money totalling over $20,000. The cash and other items found in the box were given to defendant. Plaintiff demanded that defendant turn the property over to it as executor of the estate. Defendant refused, hence this action.

The issue on appeal is whether the trial court erred reversibly in refusing to enter a directed verdict or a judgment notwithstanding the verdict in its favor. In addressing ourselves to this issue, we are called upon to review the facts that were brought out at the trial and all legitimate inferences therefrom in the light most favorable to the nonmoving party and determine whether reasonable men could differ in deciding the ultimate issue: whether the decedent intended that the money be held as joint property. See *Isom v Farrugia,* 63 Mich App 351; 234 NW2d 520 (1975).

The evidence upon which the parties relied in proving the decedent's intent consisted of the safe deposit box lease, the envelope which contained the money and slips of paper found inside the envelope.

The safe deposit box lease, which gave defendant the right of access to the box, was introduced into evidence to indicate that Mrs. Dunlap intended that defendant have an interest in the contents. Plaintiff contends that the jury should not have been permitted to judge the effect of the lease on the title to the property found in the box. Defend-

ant contends that the lease constitutes a part of the circumstances from which decedent's intent may be inferred.

The lease itself does not provide for the passage of title of the contents of the box, but simply provides for the right of access.[1] While such joint right of access certainly would not alone effect a change in ownership of the contents of the box, *Lilly v Schmock*, 297 Mich 513; 298 NW 116 (1941), it is one factor which may properly be considered in arriving at the decedent's intent regarding another's interest in such contents. See *In re Peterson's Estate*, 239 Mich 452, 454; 214 NW 418 (1927).

It was not reversible error for the trial court to allow the jury to consider the lease terms. While they may not constitute clear and convincing proof of Mrs. Dunlap's intent, they are probative of such to some extent.

Another exhibit challenged by plaintiff was the large envelope in which the money was found. The envelope bears the date April, 1967, and the following inscription:

---

[1] "It is agreed and understood that all or any one of us have the right of access to said safe, for any purpose (including the right to remove or exchange contents), the right to exchange said safe for another at a greater or less rental, the right to surrender said safe and terminate the contract, the right to appoint a deputy with full rights of the Lessee or Lessees making the appointment (except the right to delegate his/her authority), and the right to revoke said appointment and discharge the Lessor from liability arising from the rental thereof. The survivor or survivors of us is/are to have the right of access thereto for any purpose, in case of the death of any one or more of us, and shall have all the powers and rights in respect to said safe, that all or any one of us can exercise during our joint lives. The Lessor shall incur no liability as to the above granted rights and shall be protected against all Lessees of the safe, their assigns, heirs, executors and administrators in recognizing such rights as granted in this paragraph to the joint Lessees." See MCLA 487.721; MSA 23.1123.

"Property of—
"Esther Ruth Dunlap Mother
    "when deceased belongs to
"Stewart Eugene Leightner Son
    "for his absolutely"

The envelope contained the money and two slips of paper. Paper "A" is dated July 30, 1971, and shows a column of figures and total of $19,760. Paper "B" contains a similar column of figures but with a total of $13,760. On the reverse side of Paper "B" is the notation "Joint property of Esther Ruth Dunlap and/or Stewart Eugene Leightner".

Defendant contended that the latter inscription evidenced an intent on the part of the decedent that the money was to be held jointly by herself and her son. Plaintiff contended that the inscription on the envelope evidenced an intent to hold the property as her own until her death, at which time it would pass to her son.

Considering this evidence and inferences arising therefrom in the light most favorable to defendant, we conclude that reasonable minds could differ on the issue of decedent's intent. The evidence is certainly not clear that Mrs. Dunlap intended to make an inter vivos gift of the money (or any part thereof) to defendant, but there is evidence supporting each party's argument. Defendant's right of access to and removal of the contents of the box prior to Mrs. Dunlap's death and defendant's knowledge of this fact tends to support a gift theory. The inscription on the slip of paper found with the money evidences an intent that defendant had a then present interest in the contents of the envelope.

On the other hand, there is evidence to indicate that Mrs. Dunlap intended her son to have an interest in the money only after her death. But

again, viewed in a light most favorable to defendant, the evidence was such that reasonable minds could differ, and the question was properly submitted to the jury for resolution.

Plaintiff's other allegations of error are without merit.

Affirmed. Costs to defendant.