817 P.2d 617 (1991)
In re the ESTATE OF Shirley Eva FINKELSTEIN, a/k/a Shirley E. Finkelstein, deceased.
Lola UNDERDOWN, Petitioner-Appellant and Cross-Appellee,
v.
Walter KISSELL, Personal Representative-Appellee and Cross-Appellant.
No. 90CA0924.
Colorado Court of Appeals, Div. I.
August 15, 1991.
*618 Eric Pierson, Sarah A. Hopkins, Denver, for petitioner-appellant and cross-appellee.
Law Office, Ronald B. Rossman, Littleton, for personal representative-appellee and cross-appellant.
Opinion by Judge MARQUEZ.
Petitioner, Lola Underdown, appeals from a judgment of the probate court denying her claim to the contents of a safe deposit box, a box that she had leased with the decedent, Shirley Eva Finkelstein, under a written safe deposit box lease. The personal representative of the decedent's estate, Walter E. Kissell, cross-appeals from the denial of his claim for damages and attorney fees. We affirm.
In the fall of 1988, the decedent, in her name alone, leased a safe deposit box from a Denver bank. On May 12, 1989, petitioner's name was added to the lease agreement at issue here, and, on June 1, 1989, decedent died. A subsequent inventory of the safe deposit box revealed that it contained $49,678 in cash.
Petitioner filed a claim against the decedent's estate for the contents of the safe deposit box. When that claim was disallowed, she petitioned the probate court for an award of the contents of the box claiming that the contents were an inter vivos gift to her and, alternatively, that she was entitled to the contents by virtue of being the surviving joint tenant.
At the hearing on the petition for allowance of the claim, petitioner's evidence consisted of testimony by a former bank employee identifying the safe deposit box lease and a power of attorney to Walter E. Kissell, the lease and power of attorney, a stipulation as to decedent's date of death, and petitioner's affirmation that she was the same person who signed the lease.
Relying chiefly on the terms of the safe deposit box lease agreement, the claimant's theory at the hearing was that the safe deposit box was owned in joint tenancy with right of survivorship and that, consequently, its contents were owned in joint tenancy with right of survivorship and belonged to her as the surviving joint tenant. No other evidence was presented that the contents were an inter vivos gift.
The court found that petitioner had not established her claim to the contents of the safe deposit box. It found that there was no evidence presented as to when or by whom the items were stored in the box and that "simply establishing that the box was jointly owned by her and the decedent was no evidence whatsoever as to ownership of the contents of the safe deposit box."
In addition, the court denied the personal representative's motion, pursuant to § 13-17-102(4), C.R.S. (1987 Repl.Vol. 6A), for damages and attorney fees.

I.
Petitioner now contends that the court misinterpreted the safe deposit box lease agreement and, relying on the language of the lease, asserts that she and decedent were joint owners of the contents of the box. We disagree.
Interpretation of a written contract is generally a question of law for the court *619 subject to independent reevaluation by an appellate court. I.M.A., Inc. v. Rocky Mountain Airways, Inc., 713 P.2d 882 (Colo.1986).
Generally, the deposit of articles in a jointly leased or used safe deposit box works no change in title unless there is an express agreement that the contents of the box shall be joint property. See In re Estate of Mead, 129 App.Div.2d 1008, 514 N.Y.S.2d 581 (1987); Newton County v. Davison, 289 Ark. 109, 709 S.W.2d 810 (1986); American Trust Co. v. Fitzmaurice, 131 Cal.App.2d 382, 280 P.2d 545 (1955); California Trust Co. v. Bennett, 33 Cal.2d 694, 204 P.2d 324 (1949).
Such a lease usually does not purport to affect the title to the contents of the box, but relates only to rights of possession and access. See City Bank & Trust Co. v. Leightner, 67 Mich.App. 247, 240 N.W.2d 762 (1976); In re Estate of Condos, 70 Nev. 271, 266 P.2d 404 (1954); California Trust Co. v. Bennett, supra. Language in a lease descriptive of joint tenancy or of the incident of survivorship is generally construed as running no further than use of the box. See Hartt v. Brimmer, 74 Wyo. 338, 287 P.2d 638 (1955). Cf. Multi-Clean Products, Inc. v. Kasper, 3 Ill.App.3d 12, 279 N.E.2d 111 (1971) (joint ownership of a box indicates nothing as to the ownership of its contents).
Therefore, the mere fact that cash is located in a jointly leased safe deposit box does not establish ownership. Cf. In re Estate of Luplow v. State, 43 Colo.App. 109, 599 P.2d 280 (1979) (cash or bearer type securities owned solely by surviving spouse are not included in the decedent's estate for tax purposes merely by their being located in a jointly leased safe deposit box).
Here, the safe deposit box lease agreement was on a preprinted form and was captioned: "Finkelstein, Shirley E. or Underdown, Lola." Under "type of lease," an "x" appeared in the box before the word "joint." The bank appeared as lessor under the lease, with decedent and petitioner as lessees.
Furthermore, one of the preprinted provisions of the lease stated that:
"Any Lessee hereunder shall have authority, as agent for the other Lessees, to continue or terminate this lease and to add, substitute or surrender space hereunder, and it is understood that the possession and control of the properties deposited in the Box leased hereunder is vested in each of the parties hereto and shall have access thereto, in person or by deputy." (emphasis added)
Petitioner contends that the fact that this is a joint lease, coupled with the fact that "possession and control of the properties deposited in the Box" was "vested" in each of them, establishes her claim. However, although the lease provides for joint access to the box, and vests both lessees with possession and control of the contents, it does not expressly provide for joint ownership of the contents of the box.
"Possession and control" are not defined under the lease and, in our view, were not intended to connote ownership of the contents of the box. See California Trust Co. v. Bennett, supra (lease providing for "exclusive right of access thereto and possession of the contents thereof" not a declaration as to title or ownership of the contents of the box); Hartt v. Brimmer, supra; In re Estate of Condos, supra.
Thus, the lease is merely a contract establishing the rights and duties of the lessor, the bank, and the lessees, the decedent and petitioner. It in no way purports to be a transfer of title between decedent and the petitioner to the contents of the box, nor does it purport to give either party the right of survivorship in the contents of the box. See In re Estate of Kloss, 57 Ill. App.2d 118, 207 N.E.2d 92 (1965). Therefore, since petitioner provided no other evidence as to her ownership of the contents of the box, the court correctly denied her claim.

II.
The personal representative claims that the court abused its discretion in not awarding storage costs and attorney fees *620 pursuant to § 13-17-102(4), C.R.S. (1987 Repl.Vol. 6A). He also contends that this appeal is frivolous and requests appropriate sanctions pursuant to C.A.R. 38(d). We perceive no abuse of discretion by the trial court and deny the personal representative's claim for sanctions.
Section 13-17-102(4) does not authorize an award of attorney fees in the absence of a finding that a claim was substantially frivolous, groundless, or vexatious. Shaw v. Baesemann, 773 P.2d 609 (Colo.App.1988).
Here, the trial court specifically found that petitioner's claim was not frivolous, groundless, or in such bad faith or vexatiousness as to warrant granting attorney fees. The record supports this conclusion.
Furthermore, petitioner has presented a rational argument based on the evidence and law in support of her claim. Therefore, we conclude that this appeal is not frivolous so as to warrant sanctions pursuant to C.A.R. 38(d). See Younger v. City & County of Denver, 810 P.2d 647 (Colo. 1991).
Judgment affirmed.
PIERCE and DAVIDSON, JJ., concur.